UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

W. CHRISTOPHER BEARY                            CIVIL ACTION

VERSUS                                          NO. 16-15757

DAVID DEESE, et al.                             SECTION A(5)

## ORDER AND REASONS

Before the Court is a **Motion to Exclude Testimony of Expert Witness Related to Supplemental Report (Rec. Doc. 81)** filed by Defendants: David W. Deese ("Deese"), Quinco Electrical, Inc., Quinco Electrical of Dallas, Inc., Quinco Electrical of Georgia, Inc., Quinco Electrical of North Carolina, Inc., and Quinco Services, Inc. (collectively referred to as the "Quinco Companies"). Plaintiff W. Christopher Beary opposes this motion (Rec. Doc. 90) and Defendants have replied. (Rec. Doc. 43).

Also, before the Court is a **Motion to Exclude Testimony of Expert Witness Related to Supplemental Report (Rec. Doc. 94)** filed by Plaintiff. Defendants oppose this motion (Rec. Doc. 98) and Plaintiff has replied. (Rec. Doc. 107).

Also, before the Court is a **Motion to Exclude Testimony of Kevin Schneider and James Aldridge (Rec. Doc. 95)** filed by Plaintiff. Defendants have filed a response to this motion. (Rec. Doc. 99).

Also, before the Court is a **Motion to Exclude Evidence Regarding Plaintiff's Arrest, Criminal Charges or Disciplinary Proceedings (Rec. Doc. 96)** filed by Plaintiff. Defendants oppose this motion (Rec. Doc. 100) and Plaintiff has replied. (Rec. Doc. 106).

Trial for this matter is set to commence on October 15, 2018. Having considered the motions and memoranda of counsel, the record, and the applicable law, the Court finds that the Defendants' **Motion to Exclude Testimony of Expert Witness Related to Supplemental Report (Rec. Doc. 81)** is **DENIED** for the reasons set forth below; Plaintiff's **Motion to Exclude Testimony of Expert Witness Related to Supplemental Report (Rec. Doc. 94)** is **DENIED** for the reasons set forth below; Plaintiff's **Motion to Exclude Testimony of Kevin Schneider and James Aldridge (Rec. Doc. 95)** is **DISMISSED AS MOOT** for the reasons set forth below; and Plaintiff's **Motion to Exclude Evidence Regarding Plaintiff's Arrest, Criminal Charges or Disciplinary Proceedings (Rec. Doc. 96)** is **GRANTED** for the reasons set forth below.

**I.** Defendants' **Motion to Exclude Testimony of Expert Witness Related to Supplemental Report (Rec. Doc. 81)**

The aim of Defendants' instant motion is provided in their Preliminary Statement, stating:

> Wilson A LaGraize's, Jr.'s supplemental report and the information contained therein related to alleged prior bad acts of Quinco or its employees is irrelevant to the matter at hand and should be excluded in accordance with the Federal Rules of Evidence.

(Rec. Doc. 81-1, pp. 1–2). Defendants present three arguments in support of their position that Mr. LaGraize's supplemental report should be excluded from being used as evidence. First, Defendants argue that the opinions offered in Mr. LaGraize's supplemental report are irrelevant, and should thus be excluded pursuant to Federal Rule of Evidence 402.[1] Second, Defendants contend that Mr. LaGraize's supplemental report is an impermissible attempt to use extrinsic

---

[1] Rule 402. General Admissibility of Relevant Evidence.
    Relevant evidence is admissible unless any of the following provides otherwise:
- the United States Constitution;
- a federal statute;
- these rules; or
- other rules prescribed by the Supreme Court.

Irrelevant evidence is not admissible.

evidence to prove specific instances of a witness's conduct to attack the witness's character for truthfulness.[2] (Rec. Doc. 81-1, p. 3). Third, Defendants argue that Federal Rule of Evidence 704(a) also prevents the admission of Mr. LaGraize's testimony because his testimony consists of unfounded legal conclusions. (Rec. Doc. 81-1, p. 4).

Addressing Defendants' first argument, the Court finds that Mr. LaGraize's supplemental report and his accompanying testimony are relevant. The Court first notes that Federal Rule of Evidence 401 provides the proper analysis for determining whether evidence is relevant or irrelevant. Rule 401 provides:

> Evidence is relevant if:
> 
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> 
> (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401. As the parties are now aware, Plaintiff's FDUTPA claim has been dismissed. However, the Court finds that Mr. LaGraize's supplemental report is relevant to Plaintiff's remaining breach of contract claims. The crux of Plaintiff's case concerns whether Defendants upheld their obligation to negotiate in good faith concerning the sale of the Quinco Companies and whether Defendants complied with Due Diligence requirements as contemplated in the Letter of Intent. Mr. LaGraize's opinions regarding whether Defendants violated certain regulations and whether Defendants abided by proper accounting procedures may help to paint the broader picture

---

[2] Defendants base this argument on Federal Rule of Evidence 608(b), which provides, in relevant part:
 **(b) Specific Instances of Conduct.** Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
  (1) the witness; or
  (2) another witness whose character the witness being cross-examined has testified about.
 By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness.

of Defendants' actions in negotiating the sale of the Quinco Companies. For example, whether Defendants' CFO, Phyllis Moscoso, and Defendant's principal, David Deese, included improper addbacks to inflate the price of the Quinco Companies may be a violation of the requirement to negotiate in good faith and may have ultimately prevented Plaintiff the opportunity of acquiring the Quinco Companies' assets.

Addressing Defendants' second argument, the Court does not find that the evidence seeking to be excluded is extrinsic. Rather, Mr. LaGraize's proposed opinions and his supplemental report are intrinsic in that the proposed evidence concerns actions pertinent to several issues in this litigation. While the Court agrees that Defendants are not on trial for violations of Federal Income Tax Regulations or for any codes of conduct, Defendants are on trial for whether they kept their promise to negotiate the sale of the Quinco Companies in good faith. Implied in that promise was the agreement to be honest, transparent, and fair in negotiations. Whether the addbacks at issue were correctly calculated or whether the addbacks were artificially calculated to inflate the value of the Quinco Companies will require expert testimony. The information and methods used by the experts retained will go to the weight of the credibility of each expert witness. The Court notes that many of the concerns of jury confusion and misleading testimony will be mitigated with the conversion of the trial from jury to bench. In conclusion, the Court does not find Mr. LaGraize's testimony and supplemental report to be extrinsic, and therefore, does not find such evidence inadmissible under Rule 608(b).

Finally, Defendants contend that Federal Rule of Evidence 704(a) prevents the admission of Mr. LaGraize's testimony because his testimony is "simply unfounded legal conclusions." (Rec. Doc. 81-1, p. 4). The Court finds that Mr. LaGraize ultimately opined on whether Defendants' accountants made a fair and honest calculation of the addbacks. Mr. LaGraize uses

applicable standards of conduct and regulations as a scale to form his opinions. As the fact-finder in this case, the Court is well-equipped and capable in determining whether Mr. LaGraize is making a legal conclusion or offering his opinion regarding a determination of fact. For the above reasons, Defendants' **Motion to Exclude Testimony of Expert Witness Related to Supplemental Report (Rec. Doc. 81)** is denied.

> II. Plaintiff's **Motion to Exclude Testimony of Expert Witness Related to Supplemental Report (Rec. Doc. 94)**

The Court agrees that Ms. Sharp's supplemental report is rife with legal conclusions. The Court will not exclude Ms. Sharp's supplemental report and will not prevent her from testifying at trial. However, the Court notes that Ms. Sharp, as are all experts, will be limited to the four-corners of her expert report when testifying at trial. As the trier of fact, the Court will be well-apt in preventing Ms. Sharp's testimony from straying into the realm of legal conclusions. For these reasons, the Court will deny Plaintiff's motion, and dismiss the motion without prejudice.

While the Court is denying each motion that seeks to exclude evidence presented in each party's supplemental report, the Court concludes that the parties' justifications for presenting the evidence at issue depends on arguments that may be raised at trial. Although the Court is formally denying Defendants' above-discussed motion and Plaintiff's above-discussed motion, the Court cautions the parties that the Court has significant Rule 403 concerns. "In particular, the Court is concerned that the introduction of the incorrect allegations will result in a wasteful and tangential mini-trial." *Marine Power Holding, L.L.C. v. Malibu Boats, LLC*, No. 14-912, 2016 WL 4039167, at *2 (E.D. La. July 27, 2016) (citing *see, e.g.*, *In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 454 (3d Cir. 1997) (Becker, J.) (court does not need to hold "time-consuming mini-trials on [] minimally relevant issues")); *cf. Caparotta v. Entergy Corp.*, 168 F.3d 754, 758 (5th Cir. 1999)

5

(expressing Rule 403 concerns relating to relitigating discovery issues before the jury)). Accordingly, the Court is dismissing these motions without prejudice. The parties reserve the right to re-urge these motions at trial, if necessary.

> **III.** Plaintiff's **Motion to Exclude Testimony of Kevin Schneider and James Aldridge (Rec. Doc. 95)**

Plaintiff brought this motion seeking to exclude these witnesses from testifying on behalf of Defendants at trial. Plaintiff sought to exclude the witnesses on Federal Rule of Evidence 401 grounds. (Rec. Doc. 95-1, p. 2). However, Defendants replied, stating, "Defendants do not plan to call Kevin Schneider and/or James Aldridge at the trial of this matter." (Rec. Doc. 99). Therefore, Plaintiff's **Motion to Exclude Testimony of Kevin Schneider and James Aldridge (Rec. Doc. 95)** is dismissed as moot.

> **IV.** Plaintiff's **Motion to Exclude Evidence Regarding Plaintiff's Arrest, Criminal Charges or Disciplinary Proceedings (Rec. Doc. 96)**

Defendants intend to cross-examine Plaintiff regarding the basis for his prior arrest, suspension from the practice of law, and the related disciplinary proceedings. Plaintiff brings the instant motion seeking to exclude evidence that Defendants may present related to Plaintiff's prior arrest, criminal charges, and/or disciplinary proceedings. The Court agrees with Plaintiff and will not allow such evidence to be admitted.

In support of their argument for admitting the evidence, Defendants cite Federal Rule of Evidence 404(a)(3), for the proposition that evidence of a witness's character may be admitted under Rules 607, 608, and 609. (Rec. Doc. 100, p. 1). Defendants go on to contend that pursuant to Federal Rule of Evidence 608, an inquiry into specific instances of misconduct is allowed if such instances "are probative of the character for truthfulness or untruthfulness of . . . the witness.

6

. . ." *Id.* at p. 2. For this reason, Defendants argue that the law accords them the opportunity to inquire on cross-examination into the disciplinary proceedings instituted against a witness who is an attorney. *Id.* (citing *U.S. v. Whitehead*, 618 F.2d 523, 529 (4th Cir. 1980)).

The Court is unwilling, and finds it unnecessary, to expound in detail upon Plaintiff's disciplinary and criminal proceedings. It is sufficient to note that Plaintiff was arrested and received a drug-related possession charge in August of 2012. Plaintiff then received formal charges from the Louisiana Attorney Disciplinary Board as a result of his criminal arrest. (Rec. Doc. 100-1).

Rule 608(b) "permit[s] inquiry on cross examination into specific instances of conduct which may bear on a witness' credibility in order to impeach the credibility of the witness." *United States v. Skelton*, 514 F.3d 433, 443–44 (5th Cir. 2008) (citing *United States v. Farias-Farias,* 925 F.2d 805, 809 (5th Cir. 1991)). To be admissible under this Rule, "the alleged bad act must have a basis in fact and . . . the incidents inquired about must be relevant to the character traits at issue in the trial." *Id.* (citing *United States v. Nixon*, 777 F.2d 958, 970 (5th Cir. 1985)). The district court is granted broad discretion to make determinations concerning admissibility of impeachment evidence under Rule 608(b). *Id.* (citing *Farias-Farias*, 925 F.2d at 809). "[E]ven if character evidence is deemed admissible under 608(b), its admissibility is subject to Rule 403." *Id.*; *see also United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987) ("the district court may under Rule 608 determine if evidence is probative of truthfulness, and under Rule 403 exclude even probative evidence if the prejudicial effect outweighs the probative value.").

"Prior instances of drug use are not relevant to truthfulness for purposes of Fed. R. Evid. 608(b). *U.S. v. Sellers*, 906 F.2d 597, 602 (11th Cir. 1990) (citing *United States v. Rubin*, 733 F.2d 837, 841–42 (11th Cir. 1984)). The Fifth Circuit has held that generally, "drug use is not probative

7

of truthfulness." *United States v. McDonald*, 905 F.2d 871, 875 (5th Cir. 1991); *see also U.S. v. Hudson*, No. 09-171, 2011 WL 5357902, at *2 (E.D. La. Nov. 2, 2011). Courts allow impeachment with drug use under Rule 608(b) only when the use of drugs affects the witness's ability to testify at trial or affected his ability to perceive the underlying events. *See United States v. Carroll*, 53 Fed. App'x. 785, 787 (7th Cir. 2002) (holding that a defendant "could not attack [the witness's] credibility by asking the jury to infer that [the witness] should not be believed just because he is a person who has engaged in these activities [drug use] in the past."); *Hudson*, at *2.

The Court will not admit testimony concerning Plaintiff's criminal and disciplinary records. Plaintiff's illegal drug possession charge is not probative of his character for truthfulness or untruthfulness, and is therefore, inadmissible under Federal Rule of Evidence 608(b). The Fifth Circuit has established a precedent of excluding evidence of prior drug use when such evidence is submitted for Rule 608 purposes. Thus, this Court must exclude Defendants' proposed evidence of Plaintiff's prior drug-related charges and Defendants are barred from addressing such charges when conducting the cross-examination of Plaintiff.

Accordingly;

IT IS ORDERED that Defendants' **Motion to Exclude Testimony of Expert Witness Related to Supplemental Report (Rec. Doc. 81)** is **DENIED.** Defendants' motion is **DISMISSED WITHOUT PREJUDICE**;

IT IS FURTHER ORDERED that Plaintiff's **Motion to Exclude Testimony of Expert Witness Related to Supplemental Report (Rec. Doc. 94)** is **DENIED.** Plaintiff's motion is **DISMISSED WITHOUT PREJUDICE;**

IT IS FURTHER ORDERED that Plaintiff's **Motion to Exclude Testimony of Kevin Schneider and James Aldridge (Rec. Doc. 95)** is **DISMISSED AS MOOT;**

IT IS FURTHER ORDERED that Plaintiff's **Motion to Exclude Evidence Regarding Plaintiff's Arrest, Criminal Charges or Disciplinary Proceedings (Rec. Doc. 96)** is **GRANTED.**

July 16, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE